IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WASTE MANAGEMENT, INC., et al., :

    Plaintiffs, :

                                    Case No. 3:00cv256

vs. :

                                 JUDGE WALTER HERBERT RICE

DANIS INDUSTRIES CORPORATION, :
et al., :

    Defendants. :

---

DECISION AND ENTRY OVERRULING MOTION TO CONDUCT
ADDITIONAL DISCOVERY FILED BY DEFENDANTS CHARLES W.
DANIS, JR., RICHARD R. DANIS, AMY L. DANIS, JULIE M. DANIS
AND JOHN S. DANIS (DOC. #548)

---

This litigation comes before the Court on the Motion to Conduct Additional Discovery filed by Defendants Charles W. Danis, Jr., Richard R. Danis, Amy L. Danis, Julie M. Danis and John S. Danis (Doc. #548).[1] This Court previously afforded the Defendants the opportunity of conducting post-judgment discovery from Steven Morgan ("Morgan"), in-house counsel for Plaintiff Waste Management, Inc., in order to permit the Defendants to determine whether they should seek sanctions under Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C.

---

[1] For sake of convenience, this Court will refer to those Defendants as "the Defendants."

§ 1927. See Doc. #547. In response to Interrogatories 14 and 15, Morgan indicated that he did not recall reviewing the motion seeking Rule 11 sanctions, initially served by Defendants on April 18, 2003, or any involvement in the decision not to withdraw the Plaintiffs' piercing the corporate veil claim against the Defendants. As a result, Defendants have filed the motion which brings this litigation before this Court, seeking "additional discovery, initially by means of interrogatories and requests for production of documents, from [P]laintiffs and Steven Morgan on the following subjects:"

> a. When and from whom Mr. Morgan first learned of the service of the initial Rule 11 motion served in this matter;
>
> b. Whether, when and how any attorney or employee of the firm of Conliffe, Sandmann and Sullivan notified any employee of the plaintiffs of the service of the initial Rule 11 motion and of the accompanying request that the veil piercing claims be withdrawn, and the identities of all individuals involved;
>
> c. The identity of in-house counsel or other employee(s), if any, of the plaintiffs who reviewed the initial Rule 11 motion and the request that the veil piercing claims be withdrawn, or who directed such a review by others, and the date(s) of such review;
>
> d. The identity of the employee(s) of the plaintiffs, if any, who made the decision not to withdraw the veil piercing claims after review of the initial Rule 11 motion and the request that the claims be withdrawn;
>
> e. Whether the decision not to withdraw the veil piercing claims, despite the service of the initial Rule 11 motion and the request that the claims be withdrawn, was made by outside counsel without specific direct authority as to that issue; and
>
> f. Documents related to the above subjects.

Doc. #548 at 1-2.[2]

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The control of discovery is committed to the discretion of the District Court. See e.g., Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (noting that Sixth Circuit reviews the decision of the District Court concerning a discovery dispute under an abuse-of-discretion standard).

Herein, this Court concludes that the Defendants have failed to demonstrate that the additional discovery they are seeking is relevant to their claims for sanctions. Moreover, the Advisory Committee Notes to the 1983 amendments to Rule 11 provide, in pertinent part:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

---

[2] The Defendants also requested that the Court direct Morgan to file a privilege log, as required by Rule 26(b)(5)(A). Subsequently, Morgan indicated that he had provided such a log, as well as some documents. See Doc. #550. In their Reply Memorandum (Doc. #551), the Defendants neither challenge Morgan's statement in that regard nor argue that the privilege log provided is inadequate. Accordingly, the Court overrules the Motion to Conduct Additional Discovery filed by Defendants Charles W. Danis, Jr., Richard R. Danis, Amy L. Danis, Julie M. Danis and John S. Danis (Doc. #548), as it relates to the privilege log.

Herein, the Court has afforded the Defendants one opportunity to conduct sanctions-related discovery. That they are dissatisfied with Morgan's answers to two interrogatories does not constitute "extraordinary circumstances" affording them the opportunity to conduct further discovery.

Accordingly, the Court overrules the Motion to Conduct Additional Discovery filed by Defendants Charles W. Danis, Jr., Richard R. Danis, Amy L. Danis, Julie M. Danis and John S. Danis (Doc. #548).[3]

Within 30 days of date, the Defendants must file a renewed motion for sanctions. The parties may thereafter brief the issue in accordance with S.D. Ohio Civ. R. 7.2(a).

March 2, 2011

*Walter Herbert Rice*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.

---

[3] With their motion, the Defendants have also requested that the Court extend the deadline that it had previously set for the completion of discovery, in order to afford it time to conduct the requested additional discovery. Given that the Court has declined to permit the Defendants to conduct additional discovery, there is no need to extend the deadline to conduct said discovery. Accordingly, the Court overrules that branch of their Motion to Conduct Additional Discovery (Doc. #548).